# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-325

Webster D. Haney, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued May 23, 2006                    Decided August 22, 2006    )

*Kenneth M. Carpenter*, of Topeka, Kansas, argued the case for the appellant. *Francis M. Jackson*, of Portland, Maine, was on the brief for the appellant.

*William L. Puchnick,* with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Brian B. Rippel*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before GREENE, *Chief Judge*, and HAGEL and SCHOELEN, *Judges.*

HAGEL, *Judge*:  Webster D. Haney appeals through counsel a February 20, 2004, Board of Veterans' Appeals (Board) decision in which the Board (1) denied his claim to reopen a previously and finally disallowed claim for service connection for degenerative arthritis of the cervical spine, (2) denied his claim for service connection for charley horses (that is, muscle cramps) of the legs and thighs, including as secondary to degenerative arthritis of the cervical spine, and (3) denied entitlement to an increased (compensable) rating for a scar on the left thumb.  Because Mr. Haney, in his briefs, limits his arguments to the claim for injuries related to his back disorder, the Court deems abandoned any appeal as to the other claims before the Board. *Grivois v. Brown*, 6 Vet.App. 136, 138 (1994) (holding that issues or claims not argued on appeal are considered abandoned).  The Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a) to review the February 2004 Board decision.  The Court holds that when a Board member at a hearing exercises discretion to leave the record open for the appellant to submit evidence pursuant to 38 C.F.R § 20.709 (2005), no

decision may be issued without first providing the appellant (and his representative) notice of the specific date the record will close for that purpose. The Court will therefore vacate the February 20, 2004, Board decision and remand the matter for further adjudication consistent with this opinion.

## I. BACKGROUND

Mr. Haney served on active duty in the U.S. Army from September 1940 to February 1946. *See* Record (R.) at 17. In June 1975, he filed an application for disability compensation, claiming, among other things, that he had suffered from "back trouble" beginning in 1942. R. at 112. The next month, a VA regional office denied his claim for service connection for a back condition. R. at 118, 120. Mr. Haney responded by submitting statements from fellow servicemen asserting that his back condition was connected to a car accident in which he was involved in 1942. R. at 128-35. In December 1975, the regional office issued another decision and concluded that the evidence submitted was "insufficient to establish service connection for [a] back condition." R. at 149. That decision was not appealed.

In September 2001, Mr. Haney filed a claim for service connection for "arthritis in [his] spine" and muscle cramps in his legs secondary to his arthritis. R. at 188. In March 2002, the regional office treated that claim as a claim to reopen and denied it "because evidence submitted [was] not new and material." R. at 212. The regional office also denied service connection for muscle cramps. *Id*. Mr. Haney appealed that decision. R. at 234; 239-53; 255-56. In September 2003, Mr. Haney participated in a video conference hearing before a member of the Board. R. at 263-87. During the course of that hearing, Mr. Haney's counsel stated that a private physician, Dr. Susan Lee, had linked Mr. Haney's back injury to his in-service car accident. R. at 280. Mr. Haney's counsel further stated that he would get a medical opinion from Dr. Lee concerning the link between Mr. Haney's injury and the car accident and would supply it to the Board. *Id*. The Board member informed Mr. Haney and his counsel that Mr. Haney had two options, he could either get the medical opinion himself and submit it, which Mr. Haney was told would be faster, or that VA had an obligation to procure the opinion and would do so when provided the pertinent information. R. at 284. The Board member asked Mr. Haney's counsel which method he would prefer, and his counsel stated: "We'll take care of it." R. at 284-85.

The Board, in the February 2004 decision here on appeal, determined that Mr. Haney's claim for service connection for degenerative arthritis of the cervical spine had been denied in 1975 and that he had not appealed that determination. R. at 2. The Board concluded that Mr. Haney had not submitted new and material evidence since the 1975 decision regarding his cervical-spine disorder and that muscle cramps of the legs and thighs "were not incurred in or aggravated by service." R. at 3. In that decision, the Board also noted that the medical nexus evidence regarding the cervical-spine condition discussed five months earlier at the September 2003 video conference hearing had not been submitted. R. at 8. It concluded that, in light of the fact that Mr. Haney had not submitted additional evidence, "VA can only do so much to help him substantiate his allegation. And when, as here, he had failed to cooperate with VA's efforts to obtain additional medical evidence concerning his case . . . the Board's decision to go ahead and decide his appeal is not unduly prejudicial." *Id*.

On appeal, Mr. Haney asserts that the Board erred when it issued a decision on his claim before receiving the medical evidence that his counsel stated he would provide after the September 2003 video conference hearing. Appellant's Brief (Br.) at 2. He contends that the Board violated 38 C.F.R. § 3.158(a) (2005) because it issued its opinion before the Board had received the additional evidence it had requested and, therefore, deemed his claim abandoned before one year had elapsed since the September 2003 video conference. *Id*. at 4. He further asserts that VA erred by failing to notify him under 38 U.S.C. § 5103(a) of which portions of the evidence VA would obtain for him after the September 2003 video conference. *Id*. at 5-8. Specifically, he contends that the member's request to his counsel to provide the medical opinion from Dr. Lee did not satisfy the Secretary's duty to notify him what portion of information and evidence, if any, the Secretary would attempt to obtain on his behalf. *Id*. at 7.

The Secretary asserts that the February 2004 Board decision should be affirmed because it was not clearly erroneous and was supported by an adequate statement of reasons or bases. Secretary's Br. at 9. He argues that the Board correctly determined that new and material evidence had not been submitted and that VA complied with its notice obligations pursuant to 38 U.S.C. § 5103(a). *Id*. at 10-13. Finally, he contends that Mr. Haney has failed to demonstrate that any error committed was prejudicial. *Id*. at 13-20.

The Secretary also asserted at oral argument that the Board was not required to set a deadline for Mr. Haney to submit the requested medical opinion from Dr. Lee for several reasons: (1) Mr. Haney–not the Board Member–raised the issue of submitting new evidence; (2) Mr. Haney assumed responsibility to obtain the evidence; (3) the Board Member informed Mr. Haney that Board decisions had been issued, on the average, in approximately four months time; (4) the Board Member waited five months before issuing a decision; (5) Mr. Haney did not communicate with the Board or request more time to submit the requested evidence; and (6) 38 C.F.R. § 20.709 sets the normal time to submit evidence at 60 days.

## II. ANALYSIS

Mr. Haney relies on 38 C.F.R. § 3.158(a) as authority to support his contention that the Board erred by not allowing him a full year to submit evidence before adjudicating his claim. Under § 3.158, if a claimant does not furnish evidence requested by the regional office within one year of the request, VA is required to consider the claim abandoned and need take no further action absent the filing of a new claim. *See* 38 C.F.R. § 3.158; *see also Hurd v. West*, 13 Vet.App. 449, 451 (2000); *Wamhoff v. Brown*, 8 Vet.App. 517, 521 (1996).

Section 3.158 is a regulation for general application to claims pending before the regional office. Mr. Haney's claim, however, was on appeal before the Board when the Board member requested that Mr. Haney submit further evidence. Furthermore, the Board did not treat his claim as abandoned because it actually adjudicated and denied his claim. For those reasons, the Court does not find § 3.158 to be applicable in this case.

The controlling regulation here is 38 C.F.R. § 20.709, which specifically applied to the procedural circumstances of this case regarding what a Board member is required to do in a situation where the record is left open so that additional evidence may be submitted. A specific regulation controls over a general one. *See Pogue v. West*, 13 Vet.App. 368, 373 (2000); *Roy v. Brown*, 5 Vet.App. 554, 556-57 (1993).

Section 20.709 reads as follows:

> If it appears during the course of a hearing that additional evidence would assist in the review of the questions at issue, the presiding Member ***may*** direct that the record be left open so that the appellant and his or her representative may obtain the desired

4

evidence. The presiding Member *will* determine the period of time during which the record will stay open, considering the amount of time estimated by the appellant or representative as needed to obtain the evidence and other factors adduced during the hearing. Ordinarily, the period will not exceed 60 days, and will be as short as possible in order that appellate consideration of the case not be unnecessarily delayed.

38 C.F.R. § 20.709 (emphasis added). The regulation clearly allows a Board member who determines "during the course of a hearing that additional evidence would assist in the review of the questions at issue," the discretion to leave the record open; thus the member "*may* direct that the record be left open so that the claimant may obtain the desired evidence." However, once the Board member conducting the hearing does exercise that discretion, and leaves the record open for the submission of additional evidence, the regulation requires that the Board member "*will* determine the period of time during which the record will stay open." In contrast to the permissive "may" in the first sentence of § 20.709, the "will" of the second sentence is mandatory.

The Court notes that the Board member conducting the hearing did not cite to, or in any way acknowledge, the applicability of § 20.709 during the hearing or in his decision. However, the Board is bound by VA regulations, of which § 20.709 is one. *See* 38 U.S.C. § 7104(c); 38 C.F.R. § 20.101(a) (2005); *see also Gomez v. Principi*, 17 Vet.App. 369, 372 (2003). In this case, when the Board member–conducting the hearing in a conscientious and diligent manner–determined that further evidence was necessary and thus requested that Mr. Haney submit a medical opinion linking his in-service automobile accident to his current cervical-spine condition, the Board member exercised his discretion to leave the record open as permitted by § 20.709. The Board member, however, failed to follow the mandatory language of the regulation, which requires that he "*will* determine the period of time during which the record will stay open." Rather, he left the record open for an indeterminate amount of time, as he set no deadline as to when the evidence was to be submitted. Similarly, the Board erred in issuing a final decision without first setting a deadline specifying the date by which the requested evidence was to be submitted, and providing Mr. Haney and his representative reasonable notice thereof as required by the regulation.

The Secretary asserted at oral argument that, in the absence of the Board member's setting a deadline, the last sentence of § 20.709 provides that, ordinarily, a deadline will not exceed 60 days, i.e, that the 60-day period is essentially the default deadline. The Court finds otherwise. The 60-day

time frame is not a default deadline that controls in the absence of a set deadline. The use of the word "ordinarily" indicates that 60 days would usually or typically be a reasonable time frame to leave the record open. In other words, it serves as a guideline for a Board member in making a determination as to an appropriate time period to keep the record open; it is illustrative but not binding. The use of the term "ordinarily" certainly does not require that, in the absence of the Board Member setting a deadline, 60 days is the mandatory time frame.

Additionally, the principle that VA is required to provide fair process in the adjudication of claims is well established in this Court's caselaw. *See Austin v. Brown*, 6 Vet.App. 547 (1994); *Thurber v. Brown*, 5 Vet.App. 119 (1993). In *Austin*, the Court stated:

> The Court premised its holding in *Thurber*, in part, upon considerations of fair process. The Supreme Court case of *Gonzales v. United States*, 348 U.S. 407 (1955), referenced in *Thurber*, is perhaps most aptly illustrative of this fair process principle. In *Gonzales* the Supreme Court held that despite the silence of the applicable statute and regulations as to a particular procedural requirement, such requirement was implicit in the statute and regulations when "viewed against our underlying concepts of procedural regularity and *basic fair play*." *Thurber*, 5 Vet.App. at 123 (quoting *Gonzales*, 348 U.S. at 412) (emphasis added).

*Austin*, 6 Vet.App. at 551 (emphasis in original). Although the procedural circumstances in *Austin* and *Thurber* were different than those in this case, the principle of fair process enunciated in those cases applies with equal force here.

When the Board member implicitly exercised his discretion pursuant to § 20.709 to keep the record open for the submission of further evidence, the regulation required him to set a deadline for submitting that evidence. When he failed to do so, the Board, under the principles of fair process, could not adjudicate Mr. Haney's claim without first setting a reasonable deadline and providing notice of that deadline. The requirement to set a deadline and notify the claimant of that deadline before a decision is rendered is implicit in the regulation when "viewed against [the] underlying concepts of procedural regularity and basic fair play." 6 Vet.App. at 551. In light of the fact that the Board member did not comply with the § 20.709 mandatory requirement to set a reasonable deadline by which the evidence was to be submitted, the Board was required to set such a deadline and to notify Mr. Haney that he had a set period of time in which to submit the evidence before his claim could be adjudicated. The failure to do so violated fair process.

6

In summary, the Court holds that, when a Board member at a hearing exercises discretion to leave the record open for the appellant to submit evidence pursuant to § 20.709, that member must set a deadline as to how long the record will remain open. If such a deadline is not set at the hearing in violation of § 20.709, fair process requires the Board to subsequently set a deadline by which the record will close and notify the appellant of that deadline before the claim can be adjudicated. The Court will therefore vacate the February 2004 Board decision and remand the matter so that the Board can set a date by which Mr. Haney must submit the requested medical opinion from Dr. Lee.

Regarding the Secretary's assertions at oral argument and recounted above as to why the Secretary believes that the Board was not required to set a deadline for the submission of evidence before adjudicating Mr. Haney's claim, we find none of them convincing. The Court acknowledges that Mr. Haney's representative could have been more diligent in obtaining the promised medical opinion, or in corresponding with the Board regarding whether such an opinion was to be submitted. However, the Board must follow VA regulations and in this case none of Mr. Haney's actions or inactions excuse or negate the Board member's failure to set a deadline, as is required pursuant to § 20.709. Finally, although the Board member failed to set a deadline, he nevertheless acted diligently in explaining to Mr. Haney what was needed to develop his claim and conducted the hearing in a thorough and generally helpful manner.

Mr. Haney also contends that the Secretary violated the duty to notify under the Veterans Claims Assistance Act (codified in part at 38 U.S.C. §§ 5102, 5103, and 5103A) by failing to apprise him of which portions of the information and evidence, if any, the Secretary would attempt to obtain on his behalf. In its recent decision in *Mayfield v. Nicholson,* the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that VA's duty to notify "is not satisfied by various post-decisional communications from which a claimant might have been able to infer what evidence the VA found lacking in the claimant's presentation." 444 F.3d 1328, 1333 (Fed. Cir. 2006). In support of that holding, the Federal Circuit reasoned that notice under the Veterans Claims Assistance Act

> is required to have different contents from the post-decisional notices, and it is designed for different purposes–to ensure that the claimant's case is presented to the initial decisionmaker with whatever support is available and to ensure that the claimant understands what evidence will be obtained by the VA and what evidence must be provided by the claimant.

*Id.* To the extent that Mr. Haney is arguing that the Board member failed to provide him notice compliant with 38 U.S.C. § 5103(a) during the September 2003 Board hearing, and that 38 U.S.C. § 5103(b) allowed him one year to submit such evidence from the date of the September 2003 notice, that argument is unavailing. Notwithstanding the fact that the Board member during the September 2003 Board hearing informed Mr. Haney that he was providing him section 5103(a) notice regarding how to substantiate his claim, any such notice provided at that stage in the process would constitute postdecisional notice in violation of *Mayfield, supra*. Regardless of how the Board member styled the information that Mr. Haney was provided in the September 2003 hearing, such information did not constitute section 5103(a) notice.

Finally, Mr. Haney requests reversal of the Board decision and remand of the matter. "[W]here the Board has incorrectly applied the law, failed to provide an adequate statement of reasons or bases for its determinations, or where the record is otherwise inadequate, a remand is the appropriate remedy." *Tucker v. West*, 11 Vet.App. 369, 374 ( 1998); *see Hicks v. Brown*, 8 Vet.App. 417, 422 (1995). Remand is also the appropriate remedy when the Board fails to ensure proper development of the claim. *Pond v. West*, 12 Vet.App. 341, 346 (1999). Mr. Haney has not demonstrated reversible error in this case.

### III. CONCLUSION

On consideration of the foregoing, the February 20, 2004, Board decision that denied Mr. Haney's claim to reopen a previously and finally disallowed claim for service connection for degenerative arthritis of the cervical spine is VACATED and that matter is REMANDED for further adjudication consistent with this opinion.