# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 18-0092

CLEAMON D. BRYANT, APPELLANT,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued May 29, 2020                                                    Decided October 26, 2020)

*Michael S. Just*, of Providence, Rhode Island, for the appellant.

*Amanda Radke*, with whom *Catherine C. Mitrano*, Acting General Counsel; *Mary Ann Flynn*, Chief Counsel; and *Joan E. Moriarty*, Deputy Chief Counsel, all of Washington, D.C., were on the brief for the appellee.

Before BARTLEY, *Chief Judge*, and GREENBERG and MEREDITH, *Judges*.

BARTLEY, *Chief Judge*: Veteran Cleamon D. Bryant appeals through counsel a November 30, 2017, Board of Veterans' Appeals (Board or BVA) decision denying service connection for colon cancer, including as due to exposure to contaminated water at Camp Lejeune, and lumps on the left side of the head and middle of a breast. Record (R.) at 2-16.[1] This appeal, over which the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a), was referred to a panel of the Court, with oral argument, to address whether the Board errs when, in accordance with 38 C.F.R. § 20.1304(a) (2017) (now 38 C.F.R. § 20.1305(a)), it issues a decision sooner than 90 days after mailing notice that an appeal has been certified and the appellate record transferred to the Board.[2] We hold that, when an appellant notifies VA that he or she intends to submit

---

[1] In the same decision, the Board remanded claims for entitlement to service connection for a left shoulder disability, an initial compensable disability evaluation for a boxer's fracture of the right hand, and a single disability evaluation under 38 C.F.R. § 3.324 based on multiple noncompensable service-connected disabilities. R. at 11-16. Because a remand is not a final decision of the Board subject to judicial review, the Court does not have jurisdiction to consider those matters at this time. *See Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000); *Breeden v. Principi*, 17 Vet.App. 475, 478 (2004) (per curiam order); 38 C.F.R. § 20.1100(b) (2020).

[2] Effective February 19, 2019, VA amended § 20.1304(a) and renumbered it to § 20.1305(a) as part of the widespread appeals processing changes mandated by the Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, 131 Stat. 1,105 (Aug. 23, 2017). *See* 38 C.F.R. § 20.1305(a) (2020); VA Claims and

additional argument or evidence to the Board during the period specified in § 20.1304(a), principles of fair process prohibit the Board from issuing an adverse decision until it either receives that argument or evidence or until 90 days have elapsed since mailing the § 20.1304(a) notice. Because the Board did not comply with that procedure in this case, the Court will set aside the November 2017 Board decision and remand the matters for further development and readjudication consistent with this decision.

## I.  FACTS

Mr. Bryant served honorably on active duty in the U.S. Marine Corps from May 1971 to February 1974, including a stint at Camp Lejeune.  R. at 1071.  In October 2013, he filed the instant claims for service connection, R. at 1229, which were denied by a VA regional office (RO) in December 2014, R. at 634-41.  He timely disagreed with that decision, R. at 616-17, 624, and the RO issued a Statement of the Case in April 2017 continuing the denials, R. at 249-84.

Later that month, Mr. Bryant filed a Substantive Appeal stating that "[f]urther argument will be advanced in memorandum in lieu of VAF 646[3] once BVA sends 90[-]day letter."  R. at 168.  The RO certified the appeal to the Board in July 2017.  R. at 23-24.

On September 21, 2017, the Board sent Mr. Bryant a letter notifying him that his appeal had been docketed at the Board and was awaiting adjudication.  R. at 20.  The letter also stated, in relevant part:

> Please note that you have **90 days from the date of this letter or until the Board issues a decision in your appeal (whichever comes first)** to request a change in representation or to submit additional argument or evidence, if you elect to do so. Any such request or submission must be sent directly to the Board. *See generally* 38 C.F.R. § 20.1304.

*Id.*

Seventy days later, on November 30, 2017, the Board issued the decision currently on appeal, which denied service connection for colon cancer and lumps on the left side of the head and in the middle of one breast.  R. at 2-16.  This appeal followed.

---

Appeals Modernization, 84 Fed. Reg. 138 (final rule) (Jan. 18, 2019); VA Claims and Appeals Modernization, 84 Fed. Reg. 2,449 (notification of effective date) (Feb. 7, 2019).  Unless otherwise stated, references to § 20.1304(a) are to the pre-amendment version of the regulation.

3 Before May 14, 2020, VA Form 646, Statement of Accredited Representative in Appealed Cases, was used by represented claimants to "submit a statement regarding the appeal to VBA [(the Veterans Benefits Administration)] prior to VBA's certification of the appeal."  VA APPEALS AND REVIEW MANUAL M21-5, ch. 7, § F.2.a.

## II. ANALYSIS

### A. Section 20.1304(a) and the Parties' Arguments

The issue in this case involves the version of § 20.1304(a) extant in 2017, which provided, in relevant part:

> An appellant and his or her representative, if any, will be granted a period of 90 days following the mailing of notice to them that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board, or until the date the appellate decision is promulgated by the Board . . . , whichever comes first, during which they may submit a request for a personal hearing, additional evidence, or a request for a change in representation.

38 C.F.R. § 20.1304(a) (2017). After expiration of that time period, the Board would generally only accept requests to submit additional argument and evidence if the appellant demonstrated good cause for the delayed submission. 38 C.F.R. § 20.1304(b) (2017).

"[T]he triggering event for application of § 20.1304(a) was the mailing of notice that an appeal had been certified and transferred to the Board," *Williams v. Wilkie*, 32 Vet.App. 46, 51 (2019), which the parties agree occurred here on September 21, 2017, R. at 20. The parties do not dispute that § 20.1304(a) applies in this case; the only question before the Court is whether the Board erred in issuing its decision sooner than 90 days after that date.

Mr. Bryant makes two arguments in this regard. First, he mounts a facial challenge to the constitutionality of § 20.1304(a), contending that the regulation deprives appellants of their due process right to meaningfully participate in the adjudication of their appeals because it does not provide a date certain by which appellants must submit argument and evidence to the Board without having to show good cause. Appellant's Brief (Br.) at 6-8; Appellant's Supplemental Memorandum of Law (Supp. Memo.) at 1-4, 7-8. Second, he asserts that the Board's actions were fundamentally unfair and prejudiced him because the Board decided his appeal without waiting for the argument that he told the Board he would submit during the § 20.1304(a) period. Appellant's Br. at 4-5; *see id*. at 6 (citing *Thurber v. Brown*, 5 Vet.App. 119, 123 (1993)). The Secretary disputes these contentions and urges the Court to uphold § 20.1304(a) as constitutionally valid and to affirm the Board decision based on the veteran's failure to otherwise carry his burden of demonstrating prejudicial error. Secretary's Br. at 5-16; Secretary's Supp. Memo. at 1-15.

Although the Court is troubled by the Secretary's statement at oral argument that § 20.1304(a) permits the Board to deny an appeal the same day that it notifies an appellant that the appeal has been certified and appellate record transferred to the Board, *see* Oral Argument,

https://www.youtube.com/watch?v=LyMwK0GVW04, at 39:25-44:21, the Court need not address the veteran's constitutional "illusory notice" argument because we conclude that the Board's actions in this case deprived him of his non-constitutional right to fair process. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."); *Smith v. Wilkie*, 32 Vet.App. 332, 337 (2020) (explaining that, where the Court finds a fair process violation, "it need not reach the Constitutional question of due process"). Specifically, we hold that, once Mr. Bryant informed VA that he planned to submit new argument following receipt of the § 20.1304(a) notice letter, implicitly requesting that VA withhold a decision until he had done so, basic fairness obligated the Board to wait 90 days or until he submitted that argument to decide his appeal.[4] Because the Board failed to do so in this case, we remand for the Board to provide the veteran with the fair process to which he was entitled.

## B. Fair Process

Appellants have a right to fair process in the development and adjudication of their claims and appeals before VA. *Smith*, 32 Vet.App. at 337; *see Austin v. Brown*, 6 Vet.App. 547, 551-52 (1994); *Thurber*, 5 Vet.App. at 122-26. This non-constitutional right stems, in part, from the nature of the nonadversarial VA benefits adjudication system, which "is predicated upon a structure which provides for notice and an opportunity to be heard at virtually every step in the process." *Thurber*, 5 Vet.App. at 123; *see Prickett v. Nicholson*, 20 Vet.App. 370, 382 (2006) (explaining that the procedural right to fair process "is primarily based on the underlying concepts of the VA adjudicatory scheme, not the U.S. Constitution"), *aff'd sub nom. Prickett v. Mansfield*, 257 F. App'x 288 (Fed. Cir. 2007). "[E]ven in situations where no particular procedural process is required by statute or regulation, the principle of fair process may nonetheless require additional process if it is implicitly required when 'viewed against [the] underlying concepts of procedural regularity and basic fair play' of the VA benefits adjudicatory system." *Smith*, 32 Vet.App. at 337 (quoting *Thurber*, 5 Vet.App. at 123) (alteration in original); *see Gonzales v. United States*, 348 U.S. 407, 412 (1955). This includes providing fair process during VA's solicitation, gathering,

---

[4] The Court notes that § 20.1304(a) does not specifically address whether an appellant may request that the appeal be held open for the maximum 90 days, the requirements for any such request, and what process should be followed if the Board is on notice that the appellant intends to submit argument within the § 20.1304(a) period.

and development of evidence. *See Smith*, 32 Vet.App. at 337-38 (collecting cases); *Austin*, 6 Vet.App. at 551 (noting that the fair process framework articulated in *Thurber* applies during the periods set forth in § 20.1304).

The Court's decision in *Haney v. Nicholson*, 20 Vet.App. 301 (2006), is instructive in this case. The veteran in *Haney* was afforded a Board hearing and his representative told the presiding Board member that he would obtain and submit a private linkage opinion in support of a request to reopen a previously denied claim. The Board member agreed to hold the record open for submission of that evidence but failed to inform the veteran of the deadline for doing so. The Board issued a decision denying reopening five months later, before the veteran submitted a medical opinion and without providing advance notice that the time for submitting that evidence had expired. On appeal, the veteran argued that the Board erred in deciding his case before receiving the evidence his representative identified at the Board hearing and stated would be submitted after the hearing. *Id*. at 303. The Court agreed, holding that fair process principles required the Board member to notify the veteran and his representative of the chosen deadline for submitting that evidence before issuing a decision.[5] *Id*. at 305-06 (citing *Austin*, 6 Vet.App. at 551; *Thurber*, 5 Vet.App. at 123).

Here, like in *Haney*, the veteran put the Board on notice that he intended to submit additional supporting documents, but the Board adjudicated the appeal before receiving that submission. *Compare* R. at 168 (Mr. Bryant's Substantive Appeal stating that "[f]urther argument will be advanced in memorandum in lieu of VAF 646 once BVA sends 90[-]day letter"), *with Haney*, 20 Vet.App. at 303 (representative's statement at a Board hearing that he would obtain and submit a private medical opinion linking the veteran's claimed disability with an in-service car accident). Once Mr. Bryant affirmatively notified the Board that he intended to submit additional argument during the § 20.1304(a) period, basic principles of fair play, inherent in the VA benefits adjudication system in general and that regulation in particular, required the Board to wait to issue its decision until the veteran either submitted the additional argument or until the maximum 90

---

[5] The Court also held that the Board member's failure to establish a deadline for the submission of evidence violated 38 C.F.R. § 20.709 (2015), which, at that time, governed the procurement of evidence after a Board hearing. *Haney*, 20 Vet.App. at 305.

days for doing so without needing to show good cause had elapsed.[6] *See Smith*, 32 Vet.App. at 337; *Haney*, 20 Vet.App. at 306; *Thurber*, 5 Vet.App. at 123.

The fact that Mr. Bryant informed VA that he had additional argument to submit during the § 20.1304(a) period is an important distinction that makes this case more analogous to *Haney* than to the Court's decision in *Williams*. In *Williams*, the Court examined § 20.1304(a) and held that it does not apply when an appeal is returned to the Board following a remand to the RO, even when the Board erroneously cites that provision in an accompanying notice letter. 32 Vet.App. at 55-57. In reaching that conclusion, the Court explained that, although the Board incorrectly cited § 20.1304(a) in its notice letter in that case, the veteran did not have a reasonable expectation that he had 90 days to submit additional evidence and argument to the Board following receipt of that letter because "§ 20.1304(a) sets forth a maximum, not minimum, 90-day period for submitting additional evidence and argument to the Board without needing to show good cause." *Id*. at 57. The Court further concluded that the Board did not violate principles of fair process in denying the veteran's appeal 42 days after notifying him that his case had been returned to the Board after a remand to the RO because, among other things, he affirmatively stated that he did not have any additional argument or evidence to submit immediately before the appeal was returned to the Board. *Id*. at 58-59.[7]

But the opposite occurred here: Mr. Bryant clearly communicated to VA that he had additional argument that he intended to submit during the § 20.1304(a) period, implicitly requesting that VA withhold a decision until he had done so. R. at 168. This is a corollary to the Court's recognition in *Clark v. O'Rourke*, 30 Vet.App. 92, 97-98 (2018), that an appellant can waive the right to submit additional argument and evidence to the Board during a specified period; when an appellant announces an intent to submit argument and evidence, the appellant is implicitly requesting that the Board not issue a decision until either that argument and evidence is received or until the maximum period to do so without good cause expires. In such a case, unlike in

---

[6] Nothing in this opinion suggests that principles of fair process would have been violated if the Board had issued a fully favorable decision fewer than 90 days after mailing the § 20.1304(a) notice letter. Further, because the issues are not now before us, the Court does not address whether the Board, after receiving the intent to submit additional argument, would be permitted to establish a deadline for such submission within the maximum 90-day period or under what circumstances an appellant could later waive the remainder of the period.

[7] The Court in *Williams* made clear that it was "not holding . . . that the Board does not err when it issues a decision sooner than 90 days after mailing a notice letter to a claimant in a case where § 20.1304(a) actually applies." *Id*. at 58 n.7.

*Williams*, an appellant has a reasonable expectation that, absent a contrary response from the Board, he or she will have the maximum 90 days to submit that additional argument and evidence without needing to show good cause. *See Daves v. Nicholson*, 21 Vet.App. 46, 52 (2007) ("Communication between VA and a claimant is a critical component of the adjudication process."); *see also Nieves–Rodriguez v. Peake*, 22 Vet.App. 295, 300 (2008) (noting that "the content of information and evidence received by VA may require an appropriate response [from VA]"). Yet, the Board ignored Mr. Bryant's statement to that effect and decided his appeal 70 days into the maximum § 20.1304(a) period, before it received his written argument.

This distinction makes all the difference here. By prematurely deciding the appeal without the benefit of the argument that the Board knew was forthcoming, the Board effectively shut Mr. Bryant out of the appellate process, a process that, by law and regulation, is designed to be a partnership between the appellant and the Agency. *See Evans v. Shinseki*, 25 Vet.App. 7, 16 (2011) ("The entire veterans claims adjudication process reflects the clear congressional intent to create an Agency environment in which VA is actually engaged in a continuing dialog with claimants in a paternalistic, collaborative effort to provide every benefit to which the claimant is entitled."). That partnership only works if the Board allows an appellant to contribute to and meaningfully participate in the appellate process; it fails where, as here, the Board ignores the appellant's request to submit supporting argument during a period when such submissions are generally authorized by regulation. In short, the Board's actions in this case, when viewed in light of Mr. Bryant's express statement that he would submit additional argument during the § 20.1304(a) period, offend the basic tenets of fair play that underlie the nonadversarial VA appeals process. *See Hodge v. West*, 155 F.3d 1356, 1363 (Fed. Cir. 1998) (explaining that, "in the context of veterans' benefits where the system of awarding compensation is so uniquely pro-claimant, the importance of systemic fairness and the appearance of fairness carries great weight" and "may depend on the veteran's ability to ensure the Board has all potentially relevant evidence before it").

The history of § 20.1304(a) bolsters this conclusion. In 1989, VA proposed to amend 38 C.F.R. § 19.174, the precursor to § 20.1304, to add a 60-day limit for submitting additional evidence and argument to the Board after certification of an appeal without having to show good cause. 54 Fed. Reg. 28,445 (proposed rule) (July 6, 1989). VA explained that the amendment was necessary because, under § 19.174, the record was "in a constant state of change while Members of the Board[ were] deliberating on the appeal," causing confusion and "considerable delay." *Id.*

7

According to VA, the purpose of the amendment was to "assist in orderly and prompt appeal processing and . . . help to clarify the nature and extent of evidence considered by the Board in reaching a decision in any given appeal." *Id*. at 28,446. In response to public comments, VA ultimately extended the maximum period for submitting argument and evidence without needing to show good cause to 90 days, but reiterated that the amendment was necessary to avoid the needless delays and expenditure of resources spent in rewriting, re-reviewing, and reconsidering decisions based on submissions of argument and evidence late in the appellate process. *See* 55 Fed. Reg. 20,144, 20,146 (final rule) (May 15, 1990).[8]

Contrary to the Secretary's contention, Secretary's Supp. Memo. at 11-15, waiting 90 days to issue a decision in the limited circumstance where an appellant affirmatively notifies the Board that he or she has additional argument or evidence to submit during the § 20.1304(a) period furthers, rather than subverts, the orderly processing and resource-saving purposes of that regulation. Indeed, our holding today ensures not only that the Board will not issue decisions without the benefit of potentially favorable (and perhaps dispositive) argument and evidence that it knows is forthcoming, but also preserves Board resources that would otherwise need to be spent vacating, revising, or reconsidering prematurely issued decisions. *See* 55 Fed. Reg. at 20,146. And, most importantly, it ensures that appellants are treated fairly and safeguards their right to meaningfully participate in the appellate process. The Board's actions in this case frustrated those objectives and violated principles of fair process.

Those errors prejudiced Mr. Bryant. *See* 38 U.S.C. § 7261(b)(2) (requiring the Court to "take due account of the rule of prejudicial error"); *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (explaining that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"). As outlined above, the veteran notified VA that he had argument that he intended to submit to the Board once his appeal was certified. R. at 168. Since that time, he has consistently asserted that he would have submitted that argument within 90 days of the September 21, 2017, notice letter if he had been afforded the maximum 90 days to do so. *See* Appellant's Br. at 5; Appellant's Supp. Memo. at 7-8. And at oral argument, he clarified that, in addition to the previously identified written argument, he also had favorable linkage evidence that he was prepared to submit during that period. *See* Oral Argument,

---

[8] In 1992, § 19.174 was redesignated, without relevant amendment, to § 20.1304. 57 Fed. Reg. 4,088 (final rule) (Feb. 3, 1992).

8

https://www.youtube.com/watch?v=LyMwK0GVW04, at 8:00-9:27. Given that Mr. Bryant notified VA that he had additional argument that he intended to submit to the Board within 90 days of mailing of the September 21, 2017, notice letter, and given that he has since identified argument and evidence that he would have submitted during that time, the Court concludes that the veteran has carried his burden of demonstrating that he was prejudiced by the Board issuing its decision fewer than 90 days after mailing the § 20.1304(a) notice letter. *Accord Sanders*, 556 U.S. at 413 (concluding that a notice error was not prejudicial because the appellant did not tell this Court, the U.S. Court of Appeals for the Federal Circuit, or the U.S. Supreme Court "what specific additional evidence proper notice would have led him to obtain or seek"). Remand is therefore warranted for the Board to provide the veteran with the process to which he was entitled. *See Smith*, 32 Vet.App. at 339; *Haney*, 20 Vet.App. at 307; *Tucker v. West*, 11 Vet.App. 369, 374 (1998) (holding that remand is the appropriate remedy "where the Board has incorrectly applied the law, failed to provide an adequate statement of reasons or bases for its determinations, or where the record is otherwise inadequate").

On remand, Mr. Bryant is free to present the argument and evidence that he previously intended to submit to the Board, as well as any additional argument and evidence he has, in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order). *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). The Court reminds the Board that "[a] remand is meant to entail a critical examination of the justification for [the Board's] decision," *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991), and must be performed in an expeditious manner in accordance with 38 U.S.C. § 7112.

## III. CONCLUSION

Upon consideration of the foregoing, the November 30, 2017, Board decision is SET ASIDE and the matters are REMANDED for further development and readjudication consistent with this decision.