# United States Court of Appeals for the Federal Circuit

———————————

**WARREN B. COOK,**
*Claimant-Appellee*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellant*

———————————

2017-2181

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-873, Judge Coral Wong Pietsch, Judge Margaret C. Bartley, Senior Judge Lawrence B. Hagel.

———————————

Decided: November 13, 2018

———————————

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellee. Also represented by FRANCIS M. JACKSON, Jackson & MacNichol, South Portland, ME.

BARBARA E. THOMAS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellant. Also represented by CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR., JOSEPH H. HUNT; BRIAN D. GRIFFIN,

BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

    JOHN D. NILES, Covington & Burling LLP, Washington, DC, argued for amicus curiae National Association of Veterans' Advocates, Inc. Also represented by, EINAR STOLE; MARK RYAN LIPPMAN, The Veterans Law Group, La Jolla, CA.

––––––––––––––––

Before NEWMAN, LOURIE, and CLEVENGER, *Circuit Judges*.

LOURIE, *Circuit Judge*.

The Secretary of Veterans Affairs ("the Secretary" or "VA") appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") vacating the decision of the Board of Veterans' Appeals ("Board") and remanding for the Board to grant Appellee Warren B. Cook an additional hearing. *Cook v. Snyder*, 28 Vet. App. 330, 346 (2017) ("*Decision*"). Because the Veterans Court did not err in concluding that Cook was entitled to an opportunity for a further Board hearing, we affirm.

## I. BACKGROUND

In the Veterans' Judicial Review Act, Congress codified a veteran's longstanding right to a Board hearing. Under the provision at issue, "[t]he Board *shall decide any appeal* only after affording the appellant *an opportunity for a hearing*." 38 U.S.C. § 7107(b) (2012) (emphases added).[1] The parties dispute whether § 7107(b) requires

––––––––––––––––

[1] Congress has recently amended this provision, *see* Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, § 2(t), 131 Stat. 1105, 1112–13 (2017), and the amended scheme will become generally applicable to appeals arising from claims initially decided

the Board to provide an opportunity for another hearing when it reconsiders an appeal after a vacatur and remand from the Veterans Court. In particular, the Secretary urges that if the Board has already held a hearing earlier in a case, § 7107(b) does not require an opportunity for an additional hearing post-remand. Cook and his supporting amicus, the National Organization of Veterans' Advocates (collectively, "Cook"), argue that § 7107(b) entitles an appellant to an opportunity for a hearing whenever the Board decides an appeal, including on remand.

The Veterans Court agreed with Cook. Its decision details the factual and procedural history of Cook's case. *Decision*, 28 Vet. App. at 333–34. We discuss only the facts pertinent to this appeal, which solely concerns the interpretation of § 7107(b).

### A.

Cook served on active duty in the Navy from 1972 to 1973. *Id.* at 333. During this period, Cook's service records indicated that he experienced back pain. *Id.* In 2000, Cook sought service connection for certain back problems and later filed a claim for total disability based on individual unemployability ("TDIU"), also back-related. *Id.* at 333–34. The regional office ("RO") denied both claims. *Id.* at 333. Cook appealed to the Board and testified at a Board hearing in 2012 about his back problems and their effects on his employment. *Id.* The Board remanded both the service connection and TDIU claims to the RO for further development, but the RO denied both claims. *Id.* at 333–34.

Cook again appealed to the Board and requested an additional hearing to present further evidence. *Id.* at 334.

---

after a date that has not yet been determined, *id.* § 2(x), 131 Stat. at 1115; Appellant's Br. 28. The amended statute is indisputably not applicable to this appeal.

The Board denied Cook that additional hearing, explaining that Cook "was already afforded a Board hearing" and that "no further hearing is necessary," J.A. 129, and denied both of his claims. Cook appealed to the Veterans Court, which, upon joint motion by Cook and the Secretary, vacated the Board's decision and remanded for further proceedings because the Board did not adequately explain its decision. *Decision*, 28 Vet. App. at 334. Specifically, the parties agreed that the Board failed to identify or discuss a medical report supporting Cook's claim. J.A. 192–94, 196.

On remand, Cook again requested another Board hearing to "present[] additional evidence in the form of [his] testimony." *Decision*, 28 Vet. App. at 334 (alterations in original). As in his previous appeal, the Board denied Cook such a hearing, reasoning that "[a]s the Veteran has been afforded a Board hearing, no further hearing is necessary." J.A. 142. The Board also denied Cook's claims for service connection and TDIU. *Decision*, 28 Vet. App. at 334.

Cook appealed to the Veterans Court, arguing that the Board violated his constitutional due process rights by denying his request for a further hearing. The Veterans Court referred the case to a three-judge panel and requested supplemental briefing on whether any statute or regulation entitled Cook to a Board hearing on remand when a Board hearing had already been provided.

## B.

In its decision now on appeal, the Veterans Court considered the question of statutory interpretation at issue under the framework applied in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). The Veterans Court held that the plain language of § 7107(b) did not clearly answer whether a claimant is entitled to a post-remand Board hearing when he has already had a previous Board hearing. *Decision*, 28 Vet.

App. at 338–39.  Nonetheless, the court determined that the agency's interpretation—that § 7107(b) guarantees a claimant only a single Board hearing over the lifetime of his claim—did not warrant *Chevron* deference.  *Id.* at 339. There were two reasons stated for this.  First, the regulation proffered by the Secretary did not resolve the ambiguity in the statute and just repeated the ambiguous statutory language with minor differences in phrasing. *Id.* (discussing 38 C.F.R. § 20.700(a) ("A hearing on appeal will be granted if an appellant . . . expresses a desire to appear in person.")).  Second, the regulation predated the statute, so the regulation "cannot possibly have been promulgated to interpret" the statute.  *Id.* at 339–40.  As *Chevron* deference did not apply, the Veterans Court interpreted the statute under the principles of *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944).  *Id.* at 340.  The court thus considered the Secretary's interpretation and "all those factors which give it power to persuade, if lacking power to control."  *Id.* (quoting *Skidmore*, 323 U.S. at 140).

Considering the plain meaning of § 7107(b), the Veterans Court concluded that the Secretary's interpretation lacked such power.  The phrase "an opportunity for a hearing," according to the court, did not resolve the parties' dispute because the indefinite articles "a" and "an" may mean "one" or "any," depending on context.  *Id.* at 340–41.  Nor did the language of § 7107(b) as a whole. Although the Veterans Court considered the phrase "shall decide any appeal" to somewhat favor Cook's interpretation as "it suggests that the Board must provide a hearing each or any time an appeal is before it for a decision," the court also observed that the statute did not clearly contemplate multiple Board hearings upon request.  *Id.* at 341.

The court therefore turned to the overall statutory scheme.  This favored Cook's right to a post-remand Board hearing, the court reasoned, as the overall veter-

ans' adjudicatory process is solicitous of veterans' claims. *Id.* at 342.  As the focus of a veteran's claim may evolve over its lifetime, the court determined that construing § 7107(b) as providing only an entitlement to a single Board hearing "would be neither solicitous of a claimant nor productive of informed Board decisionmaking."  *Id.* Furthermore, the Veterans Court noted that in these circumstances "any doubt in the interpretation of a VA statute must be resolved in favor of a veteran."  *Id.* at 345.

Thus, the Veterans Court ultimately concluded that § 7107(b) entitles an appellant to an opportunity for a Board hearing following a vacatur and remand from the Veterans Court, even if that appellant was previously given a Board hearing in the case.  *Id.* at 346.  The court vacated the Board's decision and remanded for additional proceedings.  The Secretary's appeal here followed.

## II. DISCUSSION

### A.

We have jurisdiction over appeals from the Veterans Court "with respect to the validity of a decision of the [Veterans] Court on . . . any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision."  38 U.S.C. § 7292(a); *see id.* § 7292(d)(1) ("The Court of Appeals for the Federal Circuit shall decide all relevant questions of law, including interpreting constitutional and statutory provisions.").  While this statutory grant of jurisdiction does not explicitly premise appellate review on the finality of a decision from the Veterans Court, we generally do not review non-final decisions from that court such as the remand order here. *See, e.g.*, *Williams v. Principi*, 275 F.3d 1361, 1363–64 (Fed. Cir. 2002).

There is an exception to the finality rule that applies if the following conditions are met:

(1) there must have been a clear and final decision of a legal issue that . . . will directly govern the remand proceedings . . . ; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue.

*Williams*, 275 F.3d at 1364 (footnotes omitted).

Both the Secretary and Cook agree that the decision of the Veterans Court satisfies each condition, *see* Appellant's Br. 2–3; Appellee's Br. 1, with the Secretary arguing as follows. First, the court decided a legal question of statutory interpretation that will "directly govern" the remand proceedings by requiring the Board to give Cook an opportunity for a hearing. Second, the court's construction of § 7107(b) adversely affects the agency by forcing it to reallocate resources to provide additional Board hearings for Cook and similarly situated appellants. Third, remanding and enforcing the Veterans Court's order would cause the Board to hold a hearing, mooting the issue of whether Cook is entitled to a hearing on remand at all.

We agree with the parties that the exception to finality summarized in *Williams* squarely applies to this appeal: (1) the Veterans Court's interpretation of § 7107(b) would directly govern the remand proceedings by requiring the Board to hold a hearing; (2) that interpretation adversely affects the agency by forcing it to divert resources to hold more hearings, contrary to the Secretary's wishes; and (3) waiting for the remand and Board hearing would moot the issue of whether such a hearing is required.

Consequently, we conclude that we have jurisdiction over the legal question concerning the Veterans Court's

interpretation of § 7107(b).  38 U.S.C. § 7292(d)(1).  We therefore proceed to the merits.

B.

We review the Veterans Court's statutory interpretation *de novo*.  *DeLaRosa v. Peake*, 515 F.3d 1319, 1321 (Fed. Cir. 2008).  The Secretary has not requested *Chevron* deference for his interpretation, and we agree with the Veterans Court's conclusion that no such deference is warranted because the Secretary has not promulgated a regulation interpreting § 7107(b).  *See Decision*, 28 Vet. App. at 339–40.  Accordingly, we will ascertain the best meaning of § 7107(b) "by employing the traditional tools of statutory construction; we examine the statute's text, structure, and legislative history, and apply the relevant canons of interpretation."  *Delverde, SrL v. United States*, 202 F.3d 1360, 1363 (Fed. Cir. 2000).

The Secretary argues that § 7107(b) does not entitle a claimant to a Board hearing after remand from the Veterans Court if the Board has already given the claimant a hearing earlier in the case.  According to the Secretary, the word "appeal" only refers to the submission of certain forms for the Board's initial review and does not encompass subsequent adjudications on remand.

Cook responds that the plain language of § 7107(b) unambiguously entitles a claimant to a Board hearing before the Board decides any appeal, including after a remand.  Even if the statute is ambiguous, Cook argues that § 7107(b) should be interpreted in favor of a claimant's request for a post-remand hearing.

We agree with Cook that § 7107(b) entitles him to an opportunity for an additional Board hearing in these circumstances.  As always, we begin with the text of the statute.  Section 7107(b) reads as follows:  "[t]he Board shall decide any appeal only after affording the appellant an opportunity for a hearing."  Thus, before the Board

"decide[s] any appeal," it must afford the appellant "an opportunity for a hearing."

We first address the phrase "decide any appeal." As the Supreme Court has recently observed, "the word 'any' naturally carries 'an expansive meaning.'" *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354 (2018) (quoting *United States v. Gonzales*, 520 U.S. 1, 5 (1997)). When coupled with a singular noun in an affirmative context, "any" typically "refer[s] to a member of a particular group or class without distinction or limitation" and "impl[ies] *every* member of the class or group." *Id.* (alterations and emphasis in original) (quoting Oxford English Dictionary (3d ed., Mar. 2016)); *see also Barsebäck Kraft AB v. United States*, 121 F.3d 1475, 1481 (Fed. Cir. 1997) ("'[A]ny' is generally used in the sense of 'all' or 'every' and its meaning is most comprehensive."). In § 7107(b), the word "any" modifies the singular "appeal" in an affirmative context, *i.e.*, the statute imposes a positive duty on the Board to provide an opportunity for a hearing before it decides any appeal. Accordingly, the phrase "any appeal" indicates that the Board is not free to curate which appeals are entitled to "an opportunity for a hearing." *See SAS Inst.*, 138 S. Ct. at 1353. The Board must provide such an opportunity before it decides every appeal.

The next question is whether the Board decides an "appeal" when it again reviews an RO's decision following an order of the Veterans Court vacating and remanding the Board's prior decision. Again, the text supplies an answer. An appeal is "[a] proceeding undertaken to have a decision reconsidered by a higher authority; esp[ecially], the submission of a lower court's or agency's decision to a higher court for review and possible reversal." *Appeal*, Black's Law Dictionary (10th ed. 2014). Here, the Veterans Court vacated the Board's decision. This "nullif[ied] or cancel[led]" the decision, making it void. *Vacate*, Black's Law Dictionary (10th ed. 2014). As the Veterans Court voided the Board's prior decision, on remand the

Board must review the RO's decision anew in accordance with the Veterans Court's instructions. In other words, the Board must again decide the appeal, or a "proceeding undertaken to have a decision reconsidered by a higher authority." Because the Board must decide the appeal on remand, we conclude that § 7107(b) requires the Board to afford the appellant an opportunity for another hearing.[2]

The Secretary does not dispute the ordinary meaning of "appeal," but emphasizes interpreting an appeal as "the *submission* of a lower court's or agency's decision to a higher court for review and possible reversal." *Appeal*, Black's Law Dictionary (10th ed. 2014) (emphasis added). That aspect of an appeal, the Secretary contends, is consistent with the agency's own regulation defining an "appeal" as consisting of "a timely filed Notice of Disagreement . . . and, after a Statement of the Case has been furnished, a timely filed Substantive Appeal." 38 C.F.R. § 20.200. We agree with the Secretary that these authorities may help to illuminate the meaning of "appeal," but they do not resolve the instant question of statutory interpretation. That is because § 7107(b) conditions the Board *deciding* an appeal on affording an appellant an opportunity for a hearing. Consequently, when an appeal is again reviewed and decided by the Board on remand, a claimant is entitled to an additional opportunity for a hearing.

In sum, the text of § 7107(b) better supports Cook's argument that the Board must provide a claimant an opportunity for a hearing before it decides every appeal,

---

[2]    We do not hold that all remand orders from the Veterans Court to the Board necessarily trigger the opportunity for a hearing requirement of § 7107(b). Certain ministerial remands, for example, may not require the Board to decide an appeal.

including after remand from the Veterans Court. We therefore affirm the Veterans Court's decision.

CONCLUSION

We have considered the Secretary's remaining arguments but find them unpersuasive. For the foregoing reasons, we affirm the decision of the Veterans Court.

**AFFIRMED**