136 Nev., Advance Opinion 90

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF ELLA E. HORST REVOCABLE TRUST, U/A/D 05/21/1991. | No. 77964 |

BRIAN HOLIDAY,
Appellant,
vs.
PATRICIA L. HORST, TRUSTEE OF
THE ELLA E. HORST REVOCABLE
TRUST, U/A/D 05/21/1991; AND ELLA
E. HORST REVOCABLE TRUST, U/A/D
05/21/1991,
Respondents.

FILED

DEC 31 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a petition to confirm a trust. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

*Reversed and remanded.*

Howard & Howard Attorneys PLLC and Thomas W. Davis, II, and Gwen Rutar Mullins, Las Vegas,
for Appellant.

Crest Key, Prof., LLC, and Kirk D. Kaplan, Las Vegas; Law Office of S. Don Bennion and S. Don Bennion, Las Vegas,
for Respondents.

20-47006

BEFORE PARRAGUIRRE, HARDESTY and CADISH, JJ.

*OPINION*

By the Court, CADISH, J.:

In this appeal, we consider what a trustee must include in a notice to beneficiaries under NRS 164.021 to trigger the 120-day limitation period for challenging the validity of a trust. Following the settlor's death, respondent Patricia L. Horst, acting in her capacity as trustee of the Ella E. Horst Revocable Trust, sent notice of irrevocability to the Trust's beneficiaries pursuant to NRS 164.021. The notice included copies of the original Trust and the first three amendments thereto, and none of the beneficiaries filed an objection to the notice. Approximately 16 months later, Patricia petitioned the district court to confirm a purported fourth amendment to the Trust. Appellant Brian Holiday, a residual beneficiary of the Trust, filed an objection, alleging that the second, third, and purported fourth amendments were the product of undue influence. The district court confirmed the original Trust and the first three amendments thereto, concluding that Holiday's objection to the second and third amendments was time-barred under NRS 164.021(4), which provides a window of 120 days from service of the notice of irrevocability for bringing an action to challenge a trust's validity.

We hold that the district court erred in concluding that Holiday's objection to the second and third amendments to the Trust was time-barred. NRS 164.021(2)(c) requires a trustee's notice to beneficiaries to include "[a]ny provision of the trust instrument which pertains to the beneficiary." We conclude that, in this context, the term "any" means "all." Therefore, to trigger the 120-day limitation period under NRS 164.021(4),

SUPREME COURT
OF
NEVADA

(O) 1947A

2

the trustee's notice must include *all* trust provisions pertaining to the beneficiary. In this case, Patricia's initial notice to beneficiaries did not trigger the 120-day limitation period because it did not include the purported fourth amendment, which is a provision of the trust instrument that pertained to Holiday as a trust beneficiary. Holiday's objection is therefore timely, and he may challenge the validity of the second and third amendments. Accordingly, we reverse the district court's order and remand the matter for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

The Trust's settlor, Ella E. Horst, established the Trust to benefit her children and grandchildren. Originally, the Trust provided a specific gift of $20,000 to one of her grandchildren, Patricia, with the remainder divided amongst Ella's two children. Ella executed the first amendment to the Trust to reflect the death of her daughter and to add specific gifts of real property and automobiles to her son, Holiday.

Eventually, Ella moved to Las Vegas and began living with Patricia. Shortly thereafter, Ella, through the Trust, bought a home (Home) with Patricia and Patricia's partner. The Trust paid 50 percent of the purchase price in cash, retaining a 50-percent interest in the Home. A few years later, Ella executed the second amendment to the Trust, which annulled Patricia's $20,000 specific gift, provided Patricia with a specific gift of the Trust's interest in the Home, and named Patricia successor trustee. The following year, Ella executed the third amendment to the Trust, which provided an additional specific gift of real property to Patricia. Years later, Patricia's partner conveyed her 25-percent interest in the Home to the Trust. Ella then purportedly executed the fourth amendment to the

SUPREME COURT
OF
NEVADA

(O) 1947A

3

Trust, adding a specific gift of the Trust's recently acquired 25-percent interest in the Home to Patricia.

The Trust became irrevocable upon the death of Ella, and Patricia accepted her appointment as successor trustee. On January 27, 2017, pursuant to NRS 164.021(1), she served notice to beneficiaries, heirs, and interested persons regarding the Trust's irrevocability. The notice included the full text of the original Trust and the first three amendments thereto but did not include the purported fourth amendment. None of the residuary beneficiaries timely objected pursuant to the notice.

In May 2018, Patricia petitioned the district court to, among other requests, confirm the purported fourth amendment as a valid amendment to the Trust. She sent notice to all Trust beneficiaries on May 18, 2018. Holiday filed an objection to the petition on July 16, 2018, arguing that the purported fourth amendment was not a valid amendment to the Trust and that the second and third amendments were the product of undue influence. Ultimately, the district court concluded that NRS 164.021(4) barred Holiday's objection to the second and third amendments because he filed it more than 120 days after Patricia served the initial notice of the Trust's irrevocability, in which she included the first three amendments. However, the district court concluded that Holiday's objection to the purported fourth amendment was timely and permitted discovery.[1] Holiday appeals.

---

[1]The proceedings regarding the purported fourth amendment are pending in district court, and this appeal only relates to the district court's order regarding the second and third amendments.

## DISCUSSION

The question before us is whether Patricia's initial notice to the beneficiaries complied with NRS 164.021(2)(c), thereby triggering the 120-day limitation under NRS 164.021(4) and precluding Holiday's challenge to the second and third amendments to the Trust. We review questions of statutory interpretation de novo. *In re Estate of Black*, 132 Nev. 73, 75, 367 P.3d 416, 417 (2016). When construing statutes, we give the statute's language "its plain meaning if it is clear and unambiguous." *Id.* However, if the plain language of "a statute is subject to more than one reasonable interpretation, then [the statute] is ambiguous," and we may consider "reason and public policy" to discern the Legislature's intent. *In re Contrevo*, 123 Nev. 20, 23, 153 P.3d 652, 653-54 (2007).

*NRS 164.021(2)(c) is ambiguous*

NRS 164.021 governs the process for a trustee to provide notice to beneficiaries once a trust becomes irrevocable. The notice must contain certain information:

> (a) The identity of the settlor of the trust and the date of execution of the trust instrument;
>
> (b) The name, mailing address and telephone number of any trustee of the trust;
>
> (c) Any provision of the trust instrument which pertains to the beneficiary or notice that the heir or interested person is not a beneficiary under the trust;
>
> (d) Any information required to be included in the notice expressly provided by the trust instrument; and
>
> (e) A statement set forth in a separate paragraph, in 12-point boldface type or an equivalent type which states: "You may not bring

an action to contest the trust more than 120 days
from the date this notice is served upon you."

NRS 164.021(2). A beneficiary has 120 days from service of such notice to contest the validity of the trust. NRS 164.021(4). Here, the parties dispute the meaning of NRS 164.021(2)(c), which requires the notice to include "[a]ny provision of the trust instrument" that pertains to a beneficiary.

Holiday argues that "any" in NRS 164.021(2)(c) means "all." Therefore, Holiday contends that Patricia's initial notice did not trigger the 120-day limitation period because it did not include the purported fourth amendment, which is a trust provision pertaining to him. Patricia argues that the statute uses discretionary terms, stating that the trustee "may" provide notice, and by using the term "any," the Legislature intended to give a trustee the discretion to select which provisions should be included with the notice to beneficiaries. Patricia asserts that Nevada's notice statute is voluntary and optional, unlike other states, such as California, which has a mandatory notice statute. Accordingly, she contends that NRS 164.021 contemplates the trustee sending more than one notice, and Holiday's challenge to the second and third amendments to the Trust are time-barred under NRS 164.021(4) because Holiday objected more than 120 days after her initial notice to beneficiaries.

"Any," as it appears in NRS 164.021(2)(c), is an adjective that modifies the noun "provision." *Merriam-Webster's Collegiate Dictionary* defines the adjective form of "any" as (1) "one or some indiscriminately of whatever kind," (2) "one, some, or all indiscriminately or whatever quantity," or (3) "unmeasured or unlimited in amount, number, or extent." *Any, Merriam-Webster's Collegiate Dictionary* 56 (11th ed. 2014). Therefore, the dictionary contemplates both parties' proffered definitions of "any." Furthermore, both parties' proffered constructions are plausible, as neither

SUPREME COURT
OF
NEVADA

(O) 1947A

is absurd or unreasonable on its face. Accordingly, "any" in NRS 164.021(2)(c) is ambiguous. *In re Contrevo*, 123 Nev. at 23, 153 P.3d at 653-54; *cf. Castaneda v. State*, 132 Nev. 434, 438, 373 P.3d 108, 111 (2016) (holding in the criminal context that "[t]he word 'any' has multiple, conflicting definitions, including (1) one; (2) one, some, or all regardless of quantity; (3) great, unmeasured, or unlimited in amount; (4) one or more; and (5) all" (internal quotation marks omitted)); *Snyder Bros., Inc. v. Pa. Pub. Util. Comm'n*, 198 A.3d 1056, 1073 (Pa. 2018) (holding that the term "any" is ambiguous).

*The term "any" in NRS 164.021(2)(c) means "all"*

When construing procedural statutes, courts generally ascribe the same meaning to "[i]dentical words used in different parts of the same . . . statute." 3A Shambie Singer, *Sutherland Statutes and Statutory Construction* § 67:2 (8th ed. 2019 update); *Atl. Cleaners & Dyers v. United States*, 286 U.S. 427, 433 (1932) (noting that "there is a natural presumption that identical words used in different parts of the same act are intended to have the same meaning"); *see also In re Orpheus Tr.*, 124 Nev. 170, 175, 179 P.3d 562, 565 (2008) (addressing the rules of statutory construction, under which we may consider legislative history, multiple legislative provisions as a whole, and public policy to resolve an ambiguity). Here, the Legislature used the term "any" multiple times in NRS 164.021(2). Specifically, the term "any" appears in NRS 164.021(2)(b), (c), and (d). Construing subsection c, the provision at issue here, we presume that the Legislature intended "any" to have the same meaning throughout NRS 164.021(2).

Under NRS 164.021(2)(d),[2] a trustee's notice to beneficiaries must include "[a]ny information required to be included in the notice *expressly provided by the trust instrument*." (Emphasis added.) If a trust instrument expressly requires a trustee to include specific information in the notice to beneficiaries, then the trustee has no discretion to determine what to include and what to omit. Rather, the trustee must comply with the terms of the trust instrument and send *all* the required information. Because the term "any" in NRS 164.021(2)(d) means "all," the rules of statutory construction support construing the term "any" in NRS 164.021(2)(c) to mean "all."

Similarly, "[t]he word 'any' in a [procedural] statute usually means 'any and all.'" 3A Shambie Singer, *Sutherland Statutes and Statutory Construction* § 67:2 (8th ed. 2019 update); *see also Cook v. Wilkie*, 908 F.3d 813, 818 (Fed. Cir. 2018) (recognizing that "[w]hen coupled with a singular noun in an affirmative context, 'any' typically refer[s] to a member of a particular group or class without distinction or limitation and impl[ies] *every* member of the class or group" (second and third alterations in original) (internal quotation marks omitted)). The term "any" under NRS 164.021(2)(c) modifies a singular noun and is used in an affirmative context. Accordingly, this approach also indicates the Legislature intended the term "any" under NRS 164.021(2)(c) to mean "all."

Our review of NRS 164.021's legislative history also supports construing the term "any" to mean "all." The State Bar of Nevada's Trust

---

[2]The Legislature's use of the term "any" in NRS 164.021(2)(b) is also susceptible to both of the parties' proffered constructions, and therefore analyzing that provision is not useful in terms of discerning legislative intent with regard to NRS 164.021(2)(c).

SUPREME COURT
OF
NEVADA

(O) 1947A

8

and Estate Section drafted the bill that became NRS 164.021. Hearing on S.B. 287 Before the Senate Judiciary Comm., 75th Leg. (Nev., Mar. 24, 2009). Mr. Matthew Gray with the Trust and Estate Section testified that the bill was aimed at "expedit[ing] the process of [ ] trust administration."[3] *Id.* The Trust and Estate Section also drafted the bill that led to NRS 164.021's amendment. Hearing on S.B. 221 Before the Senate Judiciary Comm., 76th Leg. (Nev., Mar. 21, 2011). Mr. Mark Solomon with the Trust and Estate Section testified that the proposed amendments were aimed at "moderniz[ing] Nevada's trust and estate law" by "mak[ing] it more efficient, user-friendly and competitive with other states seeking to attract trust business." *Id.* Mr. Layne Rushforth, also representing the Trust and Estate Section, testified "that once a trust becomes irrevocable, a trustee can give the beneficiaries notice at any time. There would be 120 days to file *a contest*. The whole purpose of this *is to not have trust contests arise years after the fact.*" Hearing on S.B. 221 Before the Assembly Judiciary Comm., 76th Leg. (Nev., May 2, 2011) (emphases added).

Patricia is correct that a trustee has the discretion whether to send notice to beneficiaries in order to trigger the 120-day limitation period and cut off all challenges to the trust. However, we reject her contention that NRS 164.021's legislative history suggests that a trustee also has the

---

[3]We have previously relied upon testimony by proponents of a bill appearing before a legislative committee to construe an ambiguous statute. *See Clark County v. S. Nev. Health Dist.*, 128 Nev. 651, 659-60, 289 P.3d 212, 217-18 (2012) (relying upon the testimony of a county intergovernmental relations director, a policy analyst for the Legislative Counsel Bureau, and a State Assembly member to construe NRS 439.365).

SUPREME COURT
OF
NEVADA

(O) 1947A

discretion to confirm trust instruments in a piecemeal fashion.[4] Such a construction would not promote the Legislature's desire for efficiency because it could allow for multiple contests to various trust provisions. Such a construction would not promote judicial economy and could increase the costs of trust administration due to successive contests. Holiday's proffered construction of NRS 164.021(2)(c) is consistent with the Legislature's intent because it requires a trustee to include every trust provision that pertains to a beneficiary within the notice. This, in turn, facilitates a single deadline for trust contests, as the beneficiaries will have all the information they need to review terms of the trust and decide whether they wish to litigate. Thus, consistent with the rules of statutory construction, we conclude that "any" in NRS 164.021(2)(c) means "all."

*NRS 164.021(2)(c) requires strict compliance*

We now turn to whether NRS 164.021(2)(c) requires strict or substantial compliance. Generally, "'time and manner' requirements are strictly construed, whereas substantial compliance may be sufficient for 'form and content' requirements." *Leven v. Frey*, 123 Nev. 399, 408, 168 P.3d 712, 718 (2007). Here, NRS 164.021(2)(c)'s requirement that a trustee include all trust provisions that are pertinent to a beneficiary in the statutory notice is a form and content requirement for which substantial

---

[4]Testifying in support of the bill that led to NRS 164.021's enactment, Mr. Gray stated that the drafters of the bill included "a finite time limit for . . . interested parties to contest a provision of the trust." Hearing on S.B. 287 Before the Senate Judiciary Comm., 75th Leg. (Nev., Mar. 24, 2009). Patricia contends that Mr. Gray's use of the words "a provision" implies that a trustee may confirm trust instruments in a piecemeal manner. We reject Patricia's selective reading of the legislative history, as it places undue weight on two words while seemingly ignoring the broader context of the testimony.

compliance may be sufficient. Thus, to determine whether substantial compliance is sufficient here, "we examine whether the purpose of the statute . . . can be adequately served in a manner other than by technical compliance with the statutory . . . language." *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. 470, 476, 255 P.3d 1275, 1278 (2011).

In *Leyva*, the respondent failed to comply with NRS 107.086 (providing, among other things, disclosure rules for the Foreclosure Mediation Program and sanctions for noncompliance) because "it did not provide written assignments of the deed of trust and mortgage note" to participate in the Foreclosure Mediation Program. 127 Nev. at 475, 255 P.3d at 1278. The respondent argued that it substantially complied with the statute and, therefore, was not subject to sanctions. *Id.* We rejected that argument, first observing that the controlling statute used mandatory language to describe the obligation of the respondent. *Id.* at 476, 255 P.3d at 1279. Second, we noted that the legislative intent behind the mandatory language was "to ensure that whoever is foreclosing actually owns the note and has authority to modify the loan." *Id.* (internal quotation marks omitted). Accordingly, we concluded that NRS 107.086 required strict compliance. *Id.*

Here, NRS 164.021(2) uses mandatory language to describe the obligation of a trustee when he or she provides notice to beneficiaries. NRS 164.021(2) ("The notice provided by the trustee must contain . . . ."). Furthermore, the legislative history of NRS 164.021 suggests that the Legislature desired an expedited and efficient system for trust administration. Because only a complete disclosure of all provisions of a trust instrument pertaining to a beneficiary will further the Legislature's goals and give a beneficiary all the information he or she needs to decide

SUPREME COURT
OF
NEVADA

(O) 1947A

11

whether to contest a trust, we hold that NRS 164.021(2)(c) requires strict compliance.

*Holiday's challenge to the second and third amendments was timely*

Patricia's initial notice to beneficiaries did not include the purported fourth amendment to the Trust. Therefore, we hold that it did not trigger the 120-day limitation period under NRS 164.021(4). However, Patricia's second notice to beneficiaries included the purported fourth amendment, thereby triggering the 120-day limitation period. Holiday filed his objection to the second and third amendments within this limitation period. Accordingly, we hold that the district court erred when it determined that Holiday's challenge was time-barred under NRS 164.021(4).[5]

## CONCLUSION

NRS 164.021(2)(c) requires a trustee's notice to beneficiaries to include "[a]ny provision of the trust instrument which pertains to the beneficiary." After employing tools of statutory construction, we conclude that the term "any" in this context means "all." Because only complete disclosure of all pertinent trust provisions will promote the statute's goals and adequately inform beneficiaries, we also hold that NRS 164.021(2)(c) is subject to strict compliance. Patricia failed to include the purported fourth amendment to the Trust in her initial disclosure to beneficiaries and therefore did not strictly comply with NRS 164.021(2)(c). Accordingly, this initial disclosure did not trigger the 120-day deadline for challenging the validity of the trust. Holiday's challenge to the second and third amendments to the Trust, which was filed within 120 days of complete

---

[5]Because we are resolving this appeal on these grounds, we decline to address the parties' remaining arguments.

SUPREME COURT
OF
NEVADA

(O) 1947A

12

disclosure, was thus timely. We therefore reverse the district court's order to the extent it concluded that Holiday was time-barred from challenging the second and third amendments to the Trust, and we remand for further proceedings consistent with this opinion.

_____, J.
Cadish

We concur:

_____, J.
Parraguirre

_____, J.
Hardesty

SUPREME COURT
OF
NEVADA

(O) 1947A