# United States Court of Appeals for the Federal Circuit

---

**ROBERT L. CASH,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1811

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-7371, Judge William S. Greenberg.

---

Decided: February 5, 2026

---

JOHANNAH CASSEL-WALKER, Hogan Lovells US LLP, San Francisco, CA, argued for claimant-appellant. Also represented by STEPHANIE JEANNE COSTELLO, Berry Law, Lincoln, NE.

MARTIN F. HOCKEY, JR., Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, YAAKOV ROTH; BRIAN D. GRIFFIN, ANDREW J. STEINBERG,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Mr. Robert L. Cash, a U.S. Navy veteran, appeals from a decision by the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the denial of his service-connected benefits claim. *Cash v. McDonough*, No. 22-7371, 2024 WL 678196, at *1 (Vet. App. Feb. 20, 2024) (*Decision*). In denying Mr. Cash's claim, the Board of Veterans' Appeals (Board) refused to consider evidence Mr. Cash had previously submitted to the Board in February 2022 in an appeal for a different claim, even though Mr. Cash clearly referred to his prior evidentiary submission in an addendum to his Notice of Disagreement (NOD) for his current claim. In the Board's view, the Board needed to receive a copy of that evidence again for it to be deemed properly "submitted" for the Board's consideration in Mr. Cash's current claim. *See* 38 U.S.C. § 7113(c)(2). Because we determine that Mr. Cash satisfied the statutory evidentiary submission requirement by clearly and timely referring to his prior submission to the Board in his Notice of Disagreement (NOD) addendum, we *reverse.*

## BACKGROUND

Mr. Cash served on active duty as a member of the U.S. Navy from January 1958 to February 1961. *Decision*, 2024 WL 678196, at *2. While on active duty, Mr. Cash was exposed to lead paint as an assembler aboard a U.S. Navy ship. J.A. 116. After leaving service, Mr. Cash was diagnosed with asthma, chronic obstructive pulmonary disease (COPD), gastroesophageal reflux disease (GERD), and an enlarged prostate. Mr. Cash sought benefits for those conditions in multiple claims. *Decision*, 2024 WL 678196, at *2.

In September 2014, Mr. Cash filed his first claim for service-connected benefits for asthma and COPD. He re-applied in June 2016. In February 2022, during an appeal to the Board, Mr. Cash submitted evidence consisting of medical articles linking lead exposure to COPD and various other conditions in addition to sworn statements in support of his claim for asthma and COPD (February 2022 evidence).

In March 2019, Mr. Cash filed the service-connected benefits claim leading to this appeal. His claim was for his prostate and GERD conditions, which he indicated were secondary to COPD. After his claims were initially denied by the regional office (RO), Mr. Cash filed supplemental claims for the conditions in July 2020 and attached citations to a paper that supported a possible connection between COPD and the two conditions. The RO again denied his appeal, because the evidence was "not new and relevant." *Decision*, 2024 WL 678196, at \*2 (citing J.A. 643–47). Mr. Cash requested higher-level review of the RO's decision, and in July 2021, a decision review officer denied the supplemental claims.

On June 20, 2022, Mr. Cash appealed the July 2021 decision denying claims related to his prostate and GERD conditions by filing a NOD[1] directly to the Board. *See* J.A. 28. He selected the Board appeal track where he could submit additional evidence without a hearing under 38 U.S.C. § 7105(b)(3)(B). In an addendum attached to the NOD, Mr. Cash directed the Board to the February 2022 evidence, which Mr. Cash had submitted to the Board earlier that year in support of his appeal of his asthma and COPD claim. J.A. 29–36. Specifically, Mr. Cash asked the Board to "review the evidence he submitted in support of his

---

[1]    Under 38 U.S.C. §7105(a), appellate (Board-level) review of a ratings decision is initiated by filing a notice of disagreement form. *See* 38 U.S.C. §5104C(a).

claims for the other conditions because they relate to his claim for these conditions." J.A. 30.

The Board issued an order on November 3, 2022, denying Mr. Cash's appeal on the grounds that "new and relevant evidence ha[d] not been presented." J.A. 14. The Board further stated that:

> [I]n adjudicating the claims on appeal, the Board may consider evidence associated with the record prior to the July 2021 [rating decision] and evidence submitted by the Veteran within 90 days of his June 2022 VA Form 10182 [NOD form].

*Id.* at 15. Hence, because the February 2022 evidence was submitted to the Board *before* Mr. Cash filed his NOD, the Board declined to review it.

Mr. Cash appealed the Board decision to the Veterans Court, arguing the Board erred in refusing to consider his complete file because he had "properly *submitted* his February 2022 evidence with his [NOD] by directing the Board to evidence that was already in the Board's possession." Appellant Br. 15 (emphasis added).

The Veterans Court recounted that Mr. Cash had submitted evidence in February 2022 and filed his NOD in June 2022. *Decision*, 2024 WL 678196, at *3. The court acknowledged that Mr. Cash had, through counsel, submitted the evidence and then "referenced the evidence when filing [his] NOD." *Id.* However, the Veterans Court determined that it was bound by the decision in *Cook v. McDonough*, 36 Vet. App. 175 (2023). *Id.* According to the Veterans Court, *Cook* established a rule that 38 U.S.C. §§ 7113(c)(1) and 7113(c)(2)(A) "together plainly exclude from the evidentiary record before the Board evidence submitted during the period between the issuance of the AOJ [agency of original jurisdiction] decision and the filing of the NOD." *Id.* (alteration in original) (quoting *Cook*, 36 Vet. App. at 184). Because the February 2022 evidence was

submitted to the Board during this prohibited, in-between period, the Veterans Court held the Board did not err in refusing to consider it. *Id.* at *3–4.

Mr. Cash appeals[2] the Veterans Court decision. We have jurisdiction under 38 U.S.C. § 7292.

## STANDARD OF REVIEW

Our jurisdiction over appeals from the Veterans Court is limited. Absent a constitutional issue, this court "may not review the Veterans Court's factual findings or its application of law to facts." *Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011). But, "we may 'review and decide any challenge to the validity of any statute or regulation or any interpretation thereof' and 'interpret constitutional and statutory provisions, to the extent presented and necessary to a decision.'" *Lynch v. McDonough*, 21 F.4th 776, 779 (Fed. Cir. 2021) (en banc) (citing 38 U.S.C. § 7292(c)). We review legal determinations by the Veterans Court de novo. *Murphy v. Wilkie*, 983 F.3d 1313, 1317 (Fed. Cir. 2020).

In cases of statutory interpretation, this court employs "the traditional tools of statutory construction; we examine the statute's text, structure, and legislative history, and apply the relevant canons of interpretation." *Wright v. Collins*, 145 F.4th 1336, 1339–40 (Fed. Cir. 2025) (alteration

---

2 While this appeal was pending, Mr. Cash attempted to pursue relief through filing a supplemental claim for his prostate and GERD conditions. See J.A. 2283–90. In so doing, he incorporated the February 2022 evidence as part of the record before the RO. *Id.* At oral argument, Mr. Cash's counsel stated that the supplemental claim was recently denied at the RO, and Mr. Cash has not yet appealed the claim to the Board. *See* Oral Arg. at 1:00–1:10, 1:42–2:00, available at https://www.cafc. uscourts.gov/oral-arguments/24-1811_10062025.mp3.

in original) (quoting *Cook v. Wilkie*, 908 F.3d 813, 817 (Fed. Cir. 2018)).  Our analysis includes "read[ing] the statutory language in context." *Id.* at 1340 (quoting *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 199 (1993)).

## DISCUSSION

Mr. Cash first argues that the Board erred in refusing to consider the February 2022 evidence because it was properly "submitted with the notice of disagreement." Appellant Br. 32–33 (citation and internal quotation marks omitted).  Mr. Cash argues that directing the Board to documents that he had already submitted to the Board and were in his claim file at the time of filing his NOD effectively served as a submission of the evidence with the NOD.  Mr. Cash offers several dictionary definitions of "submit" to support his position—each of which, Mr. Cash argues, suggest a broader definition than "literally deposit[ing] a document with an adjudicator." Appellant Br. 34.

I

In 2017, Congress enacted the Veterans Appeals Improvement and Modernization Act (AMA), reforming the veterans benefits appeals system. Pub. L. No. 115-55, 131 Stat. 1105.  The AMA established "three procedural lanes to obtain review of [a veteran's] claim within one year of the initial decision" at the RO. *Mil.-Veterans Advoc. v. Sec'y of Veterans Affs.*, 7 F.4th 1110, 1119 (Fed. Cir. 2021) (citing 38 U.S.C. § 5104C(a)(1)).  "Each lane has varying limitations on the submission of new evidence and the VA's duty to assist the claimant in obtaining such evidence." *Id.* One such lane allows for an appeal directly to the Board, which a claimant "initiates by filing a NOD within one year of the AOJ's initial decision." *Id.*  This pathway allows claimants to submit additional evidence and request a Board hearing, but claimants must "specify in the NOD their intention to add to the record and submit the

additional evidence within a certain time frame (i.e., within 90 days of the NOD's filing or the Board hearing)." *Id.*

Starting with the statutory text, 38 U.S.C. § 7113(c) governs the evidentiary record before the Board in cases such as Mr. Cash's appeal, i.e., "cases with no request for a hearing and with a request for additional evidence." 38 U.S.C. § 7113(c) (capitalization removed). In such cases, § 7113(c) limits the evidentiary record to: (1) "evidence considered by the [AOJ] in the decision on appeal," (2) "[e]vidence submitted . . . with the notice of disagreement," and (3) "[e]vidence submitted . . . within 90 days following receipt of the notice of disagreement." *Id.*

In statutory construction cases, we "'interpret the words [of a statute] consistent with their ordinary meaning at the time' of adoption." *Ortiz v. McDonough*, 6 F.4th 1267, 1276 (Fed. Cir. 2021) (quoting *Wisconsin Cent. Ltd v. United States*, 585 U.S. 274, 277 (2018)). Mr. Cash argues that the ordinary meaning of "submit" is "to present or refer to others for decision, consideration, etc." Appellant Br. 34 (emphasis removed) (quoting *submit*, WEBSTER'S NEW WORLD COLLEGE DICTIONARY (5th ed. 2014)). In contrast, the Secretary contends the ordinary meaning of "submit" is "to formally send a document, plan, etc." Appellee Br. 28 (quoting *submit*, CAMBRIDGE DICTIONARY, https://dictionary.cambridge.org/dictionary/english/submit). Because our decision is the same under either definition of "submit," we will apply the Secretary's narrower definition for purposes of this appeal.

When a claimant submits a physical copy of evidence to the Board in a first appeal, as Mr. Cash did here, and then timely and clearly relies on that same evidence already in the Board's possession in a second Board appeal, the claimant has complied with the "submission" requirement and need not deliver a second copy of the evidence, even under the Secretary's narrower definition of "submit."

By incorporating the previously-sent-to-the-Board evidence by reference, the claimant has "formally sen[t]" the evidence to the Board. In this case, that means Mr. Cash submitted his February 2022 evidence to the Board with his NOD.

The legislative history of the statute supports this understanding. A central purpose of the AMA was to provide a deadline when new evidence could be added in a proceeding before the Board, beyond which time new evidence could not be introduced for consideration. One major problem with the legacy system was that it allowed claimants to "submit new evidence at virtually any time prior to a final Board decision" leading to a high percentage of Board appeals being remanded for the RO to consider new evidence. *Mil.-Veterans Advoc.*, 7 F.4th at 1118.

In establishing various appellate lanes, Congress sought to create a more orderly system that places clear restrictions against adding new evidence late in the process, thereby giving the Board greater certainty as to the evidentiary record's contents when deciding an appeal. *See id.* at 1119. The facts here are consistent with that goal, because the February 2022 evidence was in the Board's possession before Mr. Cash filed his NOD, which is well before the statutory deadline for adding evidence during a Board appeal. *See* 38 U.S.C. § 7113(c)(2)(B) ("Evidence submitted . . . within 90 days following the receipt of the notice of disagreement."). Thus, his submission—and clear reference to that submission with his NOD—does not engender the types of evidentiary issues (e.g., delayed submissions) the AMA was intended to prevent. Accordingly, we determine that Mr. Cash's February 2022 evidence

qualifies as evidence submitted with Mr. Cash's NOD under 38 U.S.C. § 7113(c)(2)(A).[3]

The Veterans Court erred in determining that its *Cook* decision bound its analysis in this case. In *Cook*, the claimant, like Mr. Cash, submitted evidence to the Board in the period between his last rating decision and filing his NOD. *See Cook*, 36 Vet. App. at 180–81. However, when Mr. Cook filed his NOD to the Board, he did not make any reference to the previously sent evidence, and so the Board did not consider it. *Id.* at 181. On appeal to the Veterans Court, Mr. Cook argued that because the new evidence was in his file at the time of submission, it was submitted "with" his NOD under 38 U.S.C. § 7113(c)(2). *Id.* Finding nothing to support Mr. Cook's interpretation of "with," the Veterans Court excluded his evidence for being untimely. *Id.* at 186–90.

Here, unlike Mr. Cook's NOD, Mr. Cash's NOD included a clear request for the Board to consider evidence Mr. Cash had already submitted to the Board. Because of the prior submission to the Board, Mr. Cash satisfied the submission requirement of 38 U.S.C. § 7113(c)(2) through his NOD addendum, which clearly requested that the Board consider the February 2022 evidence already submitted by Mr. Cash and in the Board's possession. *See Decision*, 2024 WL 678196, at *3 (summarizing the content of the February 2022 evidence); Appellee Br. 6 (same).

II

---

[3]    Because we determine Mr. Cash properly submitted the February 2022 evidence with his NOD under 38 U.S.C. § 7113(c)(2), we need not address Mr. Cash's arguments relating to constructive possession doctrine.

Given our disposition of the appeal, we need not decide the arguments raised by the parties over the full scope of the meaning of "submitted" in 38 U.S.C. § 7113(c). For example, the Secretary argues that a broader definition of "submit"—one which encompasses a claimant's identification of and reference to any documents that may exist somewhere—would "reimpos[e] a duty to assist in Board appeals" which was eliminated by the AMA. *See* Appellee Br. 29, 32–33.

The Secretary further notes that other Title 38 statutes use "identify" instead of "submit" to demonstrate when the duty to assist is imposed upon the VA. The Secretary contends that because Title 38 uses both words, "this Court should presume the terms have different meanings." Appellee Br. 29.

Mr. Cash, on the other hand, points out that Title 38 also uses the word "file" with regards to the NOD itself, indicating that "submit" should have a separate meaning from "file." *See* 38 U.S.C. § 7105(a) ("Appellate review shall be initiated by the *filing* of the notice of disagreement") (emphasis added). In Mr. Cash's view, the Secretary's interpretation of "submit" cannot be correct because it blurs the distinction between that term and "file."

As noted above, to reach our conclusion, we need not determine the precise meaning of each of "submit," "identify," and "file." We leave that interpretative question for another case that requires its resolution.

## CONCLUSION

We have reviewed the Secretary's other arguments and find them unpersuasive.

We find the February 2022 evidence was properly submitted with Mr. Cash's Notice of Disagreement. For the foregoing reasons, we reverse the decision of the Veterans Court.

## REVERSED

### COSTS

Costs to Appellant.